UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JAMES JOHNSON and MARIO MURPHY, )
      Plaintiffs, )
)
vs. )
)
FRANK ANDERSON, individually and in his )
official capacity as Marion County Sheriff, )    1:10-cv1276-LJM-DML
DEPUTY SHERIFF MEYER *a/k/a* DEPUTY )
SHERIFF MIER individually and in his )
official capacity, DEPUTY SHERIFF )
MARTIN, individually and in his official )
capacity, COUNTY OF MARION, )
      Defendants. )

## ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS

This matter comes before the Court on Defendants', Frank Anderson ("Anderson"), Deputy Sheriff Mier ("Mier"), Deputy Sheriff Martin ("Martin"), and the County of Marion ("Marion County") (collectively, the "Defendants"), partial motion to dismiss Plaintiffs', James Johnson ("Johnson") and Mario Murphy ("Murphy") (collectively, the "Plaintiffs"), Complaint, which arose from an incident that occurred in Marion County Jail (the "Jail"). The Court has fully considered the parties' arguments[1] and for the following reasons **GRANTS** the Defendants' motion.

---

[1]Plaintiffs filed a Motion, dkt no. 17, making an objection to Defendants' Reply, dkt. no. 14, as untimely, citing Local Rule 7.1(b). However, pursuant to Federal Rule of Civil Procedure 6, Defendants had three days beyond those allowed by Local Rule 7.1(b) to file their Reply because service of Plaintiffs' Response was accomplished by electronic filing. Accordingly, Defendants' Reply was timely and Plaintiffs' Motion, dkt. no. 17, is **DENIED**.

## I. BACKGROUND

For the purposes of a motion to dismiss under Rule 12(b)(6), the Court accepts all of the Plaintiffs' well-pleaded allegations as true and draws all favorable inferences for the Plaintiffs. *See Killingsworth v. HSBC Bank*, 507 F.2d 614, 618 (7th Cir. 2007). With this standard in mind, the Court recites the facts as they are contained within the Complaint.

Johnson and Murphy were inmates assigned to a work detail in the Jail kitchen. Compl. ¶ 10. Around September 20, 2008, Martin threw a chicken pattie on the floor, stepped on it, and then gave it to Murphy. *Id.* ¶¶ 10-11. Murphy consumed the pattie and asked Martin for another. *Id.* ¶¶ 12-13. Martin then sprayed another pattie with either mace or pepper spray and gave it to Murphy. *Id.* ¶ 13. Mier observed Martin's manipulation of both patties and did nothing to intervene or warn Murphy of the state of either pattie. *Id.* ¶ 14. Murphy shared the contaminated pattie with Johnson. *Id.* ¶ 15. Both men consumed the pattie and became ill. *Id.* ¶ 16. Murphy and Johnson were hospitalized overnight. *Id.* ¶ 18. Once they returned to the Jail, they were denied the medication that they were prescribed for the ongoing treatment of their injuries. *Id.* ¶ 19. Additionally, they were threatened not to report the incident. *Id.* ¶ 20.

## II. STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint, not to resolve the case on its merits. *See Triad Assoc., Inc. v. Chi. Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989); 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004). A pleading must contain a "short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a plaintiff's complaint may not merely state "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" not when the plaintiff only raises a "sheer possibility that the defendant has acted unlawfully." *Id.*

"[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (internal quotation omitted). "[T]he height of the pleading requirement is relative to the circumstances[,]" *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), and "[d]etermining the plausibility of a claim is a context-specific task that requires [the Court] to draw on [its] judicial experience and common sense." *Brown v. JP Morgan Chase Bank*, 334 Fed. Appx. 758, 759 (7th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1950); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (instructing that one of the "key questions" is "how much detail realistically can be given . . . about the nature and basis or grounds of the claim.").

"Although *Twombly* and *Iqbal* require that a complaint in federal court allege facts sufficient to show that the case is plausible, they do not undermine the principle that plaintiffs in federal courts are not required to plead legal theories." *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010) (internal citations omitted).

## III. DISCUSSION

The Defendants argue that Count II, Count I as against Anderson, and Counts III - VII should be dismissed pursuant to Rule 12(b)(6). The Court will address each Count in turn.

### A. COUNT II

First, the Defendants argue that Plaintiffs failed to adequately plead thier *Monell* claim against Marion County. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). A *Monell* claim allows a municipality to be liable under § 1983 when the "execution of a government's policy or custom inflicts the injury." *Montano v. City of Chicago*, 535 F.3d 558, 570 (7th Cir. 2008) (internal quotation omitted). To state a *Monell* claim, Plaintiffs must plead facts that if proven show either that Marion County had express policy, widespread practice or custom that caused the constitutional injury, or that the constitutional injury was caused by a person with final policymaking authority. *See id.* Defendants note that Plaintiffs did not make any express factual allegations that Marion County has either an express policy, widespread practice, or custom that caused the Plaintiffs' alleged constitutional deprivation. Plaintiffs argue in their briefing that there is a

4

custom of mistreatment of prisoners in the Jail because for over forty years, Marion County had been under the supervision of the federal courts relating to jail overcrowding, among other things. Further, Plaintiffs urge the court that dismissal would be premature because although they plead only one specific incident, they need further discovery to determine whether this incident is part of a custom or widespread practice.

Plaintiffs' claims regarding the contempt proceeding concerning the Jail is not contained within the complaint and, therefore, is not appropriate for consideration on a motion to dismiss. *See* Fed. R. Civ. P. 12; *see also Marion County Jail Inmates v. Sheriff Frank Anderson*, 270 F. Supp. 2d 1034 (S.D. Ind. 2003). Additionally, Plaintiffs' arguments do not cure the fact that Plaintiffs pled only one specific factual incident, and that is not enough to impose liability under *Monell*. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). Plaintiffs' conclusory language about Marion County's "policy or custom" violating Plaintiffs' constitutional rights without further factual allegations does not meet the pleading standard and, accordingly, Count II of Plaintiffs' Complaint is **DISMISSED**. *See Twombly*, 550 U.S. at 570.

### B.  COUNT I AS AGAINST ANDERSON

Next, Defendants' argue that Anderson is entitled to dismissal of any claim against him under 42 U.S.C. § 1983 because the Complaint does not allege that he was personally involved in an alleged deprivation. Plaintiffs' briefing makes clear that Plaintiffs intended to make a failure to train claim against Anderson. The Complaint does not contain allegations sufficient to state a failure to train claim. The Complaint only alleges that he is

a resident of Indiana; that he was elected as Marion County Sheriff and by virtue of that office acted under color of state law; that he was the presumptive final policy maker for Marion County with regard to carrying out the duties of the Sheriff's office; and that he was an agent for Marion County. Without more, these allegations do not support Plaintiffs' § 1983 claim against Anderson in his individual capacity. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Without a showing of direct responsibility for the improper action, liability will not lie against a supervisory official. A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary."). Accordingly, the Plaintiffs' claim against Anderson as stated in Count I of the Complaint is **DISMISSED**.

### C. COUNTS III-VII

Finally, the Defendants argue that the Plaintiffs' state law claims against Martin, Mier, and Anderson should be dismissed because the Plaintiffs failed to plead that Martin, Mier, and Anderson acted outside of the scope of their employment. Plaintiffs argue that the factual allegations establish that Martin, Mier, and Anderson acted outside of the scope of their employment. Indeed, the factual allegations do support the idea that Martin and Mier, at least, acted outside of the scope of their employment. However, the Indiana Tort Claims Act requires that in a "lawsuit filed against an employee personally" the plaintiff "must allege" that the employee's act that caused the loss is: "(1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally." Ind. Code § 34-13-3-5(c). Although the Plaintiffs mention a criminal statute in Count VII, they fail to specifically plead any of the

6

causes listed by the Indiana Tort Claims Act. *See Niksch v. Cotton*, 810 N.E.2d 1003, 1006-07 (Ind. 2004) (describing the pleading requirement contained within the Indiana Tort Claims Act). Therefore, Counts III-VII are **DISMISSED**.

## CONCLUSION

For the reasons stated above, Defendants' Partial Motion to Dismiss is **GRANTED** in its entirety. Count I as against Anderson, Count II, and Counts III-VII are **DISMISSED**.

IT IS SO ORDERED this 3rd day of January, 2011.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Gregory R. Clark
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
grclark@indy.gov

Jennifer Lynn Haley
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jhaley@indy.gov

James Richard Recker
ATTORNEY AT LAW
jamesrecker@justice.com